# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-128-FDW

| | |
|---|---|
| GARY D. GOCHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KEN BEAVER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on the following motions by Plaintiff: Motion for Leave to File Amended Complaint, (Doc. No. 4), Motion to Appoint Counsel, (Doc. No. 5), Motion for Leave to File Amended Complaint, (Doc. No. 9), Motion for Default Judgment, (Doc. No. 13), and Motion for Free Copies of Complaint and Future Filings, (Doc. No. 14).

First, as to Plaintiff's two motions to amend his Complaint, a plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. FED. R. CIV. P. 15(a)(1). Here, Plaintiff has not yet served any of the Defendants. Thus, Plaintiff was entitled to amend the Complaint without an order from the Court. Nevertheless, Plaintiff has not submitted a proper Proposed Amended Complaint. That is, in order to amend his complaint, Plaintiff may not simply add allegations to his already existing complaint as he has done here. Rather, he must submit a proposed amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint in piecemeal fashion. Furthermore, once Plaintiff amends his complaint, any prior complaints will be superseded, meaning that if an

1

amended complaint omits claims raised in a prior complaint, the plaintiff has waived the omitted claims.  Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

In sum, the motions to amend are granted to the extent that Plaintiff may amend his Complaint, but Plaintiff must submit a completed Amended Complaint in accordance with this order.  That is, the current "amended complaints," which merely add allegations to the original Complaint, are not sufficient in their current forms.

Next, as for Plaintiff's motion to appoint counsel, in support of the motion to appoint counsel, Plaintiff states, among other things, that he cannot afford counsel; the issues are complex; and he has limited knowledge of the law.  There is no absolute right to the appointment of counsel in civil actions such as this one.  Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel.  Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel.  Therefore, Plaintiff's motion to appoint counsel will be denied.

Next, as for Plaintiff's Motion for Default Judgement, the motion will be denied, as none of the Defendants in this action have been served.

Finally, as to Plaintiff's Motion for Free Copies of Complaint and Future Filings, the motion will be granted to the extent that the Clerk shall send Plaintiff a copy of the Complaint.  As to copies of "future filings," Plaintiff must request copies of documents on an individual basis as to each document he would like to have copied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motions for Leave to File Amended Complaint, (Doc. Nos. 4, 9), are

**GRANTED** in accordance with this Order. Plaintiff shall have thirty days in which to amend his Complaint. If Plaintiff does not file an Amended Complaint within thirty days in accordance with this Order, the Court will conduct an initial screening of Plaintiff's original Complaint.

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 5), is **DENIED**.

(3) Plaintiff's Motion for Default Judgment, (Doc. No. 13), is **DENIED**.

(4) Plaintiff's Motion for Free Copies of Complaint and Future Filings, (Doc. No. 14), is **GRANTED** to the extent that the Clerk shall send Plaintiff a copy of the Complaint.

Signed: January 29, 2019

Frank D. Whitney
Chief United States District Judge