# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00128-FDW

| | |
|---|---|
| GARY D. GOCHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| KEN BEAVER, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983. [Doc. 16]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On September 13, 2018, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. [Doc. 11].

### I. BACKGROUND

Pro se Plaintiff Gary D. Gochie ("Plaintiff"), a North Carolina state inmate currently incarcerated at Alexander Correctional Institution, filed this action on August 13, 2018, pursuant to 42 U.S.C. § 1983. On March 4, 2019, Plaintiff filed an Amended Complaint, in which he, names the following persons as Defendants, all alleged to be employees at Lanesboro at all relevant times: (1) Ken Beaver, Administrator; (2) Kenny Boteat, Unit Manager; (3) Elizabeth Nicole Powell, N.C. Department of Public Safety; (4) FNU McPearson, Sergeant; (5) FNU Warden, Officer; (6) FNU McNemar, Officer; and (7) FNU Ward, Officer. Plaintiff purports to bring a claim against Defendants for an Eighth Amendment violation based on conditions of confinement. Plaintiff also alleges that his Fourth and Fourteenth Amendment rights were violated. [Doc. 16 at 4].

Specifically, Plaintiff alleges that violations of his constitutional right occurred on June 27, 2018 and July 10, 2018, as well as on "several past dates," when he was forced to wear "leg, waist and hand chains for every single movement without due cause." These movements included movements "to the showers, to rec, to see medical, a counselor, case worker or anywhere else on the housing unit." [Doc. 16-1 at 1]. Plaintiff alleges that leg chains "are only to be used on HCON [high-security maximum control unit] inmates," which he is not. Plaintiff states that he has told officers and the Administration that their use of chains is against policy, but the use of the chains has persisted. [Doc. 16 at 6]. Plaintiff argues that he is being "exposed to the chance of contracting many diseases," but concedes that "most of the cuts are superficial" and does not allege that he has contracted any disease. Plaintiff also fears falling but has not actually done so. [Doc. 16-1 at 1-2]. In short, it appears the onus of Plaintiff's argument is that Defendants are "deliberately indifferent" to DPS policies regarding the conditions of confinement. [Doc. 16-1 at 2].

For his injuries, Plaintiff alleges to have suffered "chaffing, bruising, cuts, abbrations and damage to tattoo's at or around the ankle area. Color being rubbed out of tattoo's. (I've got tattoo's on both legs at and around ankle area)." Plaintiff also states that he "was forced to acquire my own A&D ointments and creams to treat cuts and chaffing" and that "[a]t each use of leg chains on bare skin I've been put at risk of contracting some form of disease or virius." [Doc. 16 at 6]. In his prayer for relief, Plaintiff seeks injunctive relief as well as compensatory and punitive damages.

II.     **STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or]

fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993).

Here, even assuming each Defendant Plaintiff names was specifically involved in the alleged constitutional violations, Plaintiff has not alleged sufficient facts to proceed past initial review under Section 1915(e). Plaintiff has not stated a claim for an Eighth Amendment violation as to Defendants. At most, Plaintiff alleges that Plaintiff, for the two enumerated days (and perhaps

others not specifically identified), was forced to wear restraints in his movements about the prison. Requiring an inmate to wear restraints for this limited purpose for brief periods of time without causing more than very minor or superficial injury does not, in and of itself, constitute an Eighth Amendment violation. With respect to his bare assertion of the violation of his rights under the Fourth and Fourteenth Amendments, Plaintiff has not alleged facts in support of these claims or otherwise stated in any way how he contends these rights were violated.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Amended Complaint fails initial review under § 1915(e) and will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Doc. 16] fails initial review under 28 U.S.C. § 1915(e) and is **DISMISSED WITH PREJUDICE** for failure to state a claim.

2. The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 23, 2019

_____
Frank D. Whitney
Chief United States District Judge